UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BALWINDER JAMMU, et al.,

Plaintiffs,

v.

EMILIA BARDINI, et al.,

Defendants.

No. 2:24-cv-02063 CSK

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Plaintiff Balwinder Jammu and derivative applicants, Plaintiffs Manjinder Kaur and Abhiraj Jammu, proceed on a complaint for a writ of mandamus.[1] Compl. (ECF No. 1.) Defendants Emilia Bardini, Ur M. Jaddou, Alejandro Mayorkas, and Merrick Garland, federal officials sued in their official capacity, seek to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defs. Mot. (ECF No. 13). In the alternative, Defendants seek summary judgment under Rule 56 of the Federal Rules of Civil Procedure. (*Id.*) Plaintiffs failed to file an opposition. *See* Docket. After reviewing the filings, on January 3, 2025, the Court found the matter suitable for decision without oral argument and vacated the hearing date of February 11, 2025. (ECF No. 15.) For the

---

[1] This case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including the entry of judgment, pursuant to the consent of all parties. (ECF Nos. 4, 7, 8.)

1

reasons set forth below, Defendants' motion for summary judgment is granted.

I.     BACKGROUND

Under the Immigration and Nationality Act ("INA"), non-citizens who are physically present in the United States may apply for asylum. 8 U.S.C. § 1158(a). Non-citizens seeking asylum affirmatively, as Plaintiffs are here, file a Form I-589 with United States Citizenship and Immigration Services ("USCIS"). *See* 8 C.F.R. § 208.3. Filing the Form I-89 initiates the procedures outlined in 8 U.S.C. § 1158(d). *See* 8 C.F.R. § 208.3. Section 1158(d)(5)(A) lays out certain guidelines USCIS must follow when considering asylum applications, including requirements that "the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed" and that "final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed[.]" 8 U.S.C. § 1158(d)(5)(A)(ii)–(iii). Both deadlines include "exceptional circumstances" exceptions. *Id*.

Plaintiffs are non-citizens who entered the United States on or about February 15, 2022. Compl. ¶ 8. Plaintiff Balwinder Jammu ("Jammu") submitted an Application for Asylum and for Withholding of Removal ("I-589 application") with the San Francisco Asylum Office on or about June 23, 2022. Compl. ¶ 9; Exh. 1. Plaintiffs Manjinder Kaur and Abhiraj Jammu were included as derivative applicants to Plaintiff Jammu's I-589 application. Compl. ¶ 9. As of the filing of Plaintiffs' Complaint, Defendants have not scheduled an asylum office interview or any decision on Plaintiff Jammu's I-589 application. *Id*. ¶ 11. Plaintiffs allege Plaintiff Jammu's asylum application has been pending for two years. *Id*. ¶ 25. Plaintiff Jammu currently has Employment Authorization Documents ("EAD") permitting him to work during the pendency of the asylum application. Defs. Mot. at 2. Defendants claim Plaintiffs have not requested expedited processing or have requested to be placed on a short notice interview list. *Id*. Defendants also claim Plaintiffs have not made any request for parole to seek permission to return to the United States after travel abroad. *Id.*

Plaintiffs filed their Complaint on July 29, 2024, seeking to compel Defendants to schedule an asylum office interview and to adjudicate Plaintiff Jammu's I-589 application. *See* Compl. Although Plaintiffs do not clearly identify their causes of action, Plaintiffs cite to both the Administrative Procedure Act ("APA") pursuant to 5 U.S.C. § 555(b), and the Mandamus Act pursuant to 28 U.S.C. § 1361. Compl. ¶¶ 16-20.

On December 11, 2024, Defendants filed the motion presently before the Court, seeking dismissal of the complaint or, in the alternative, summary judgment on the following grounds: (1) Plaintiffs lack a clear right to relief sought; and (2) there has been no unreasonable delay in adjudicating Plaintiffs' asylum application. Defs. Mot. Plaintiffs did not file an opposition to the motion. *See* Docket. Defendants filed a reply requesting the Court construe Plaintiffs' failure to file an opposition as a non-opposition and grant Defendants' motion pursuant to Local Rule 230(c). Defs. Reply at 2 (ECF No. 14).

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(6)

Dismissal under Rule 12(b)(6) may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

In ruling on a motion to dismiss brought under Rule 12(b)(6), the court may consider material properly submitted as part of the complaint and documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). The court may also consider matters of public record. *Id.*

/ / /

/ / /

### B. Summary Judgment

"A party is entitled to summary judgment if the 'movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *City of Pomona v. SQM North America Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). "The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial." *Id.* "The court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor." *City of Pomona*, 750 F.3d at 1049. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" *Id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## III. DISCUSSION[2]

### A. APA and Mandamus Act

Plaintiffs allege there has been unreasonable delay in processing Plaintiff Jammu's asylum application under Section 706(1) of the APA and also seek relief under the Mandamus Act, 28 U.S.C. § 1361. *See generally* Compl. Under Section 706(1) of the APA, courts can "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). "[A] court may compel [delayed] agency action under the APA when the agency (1) has 'a clear, certain, and mandatory duty' and (2) has unreasonably delayed in performing such duty." *Vaz v. Neal*, 33 F.4th 1131, 1136 (9th Cir. 2022) (citations omitted) (quoting *Plaskett v. Wormuth*, 18 F.4th 1072, 1082 (9th Cir. 2021)).

---

[2] Though Plaintiffs' failure to file an opposition is construed as a non-opposition to Defendants' motion, E.D. Cal. L.R. 230(c), the Court will evaluate Defendants' motion on the merits.

Under the Mandamus Act, to compel governmental action, a court must find that "(1) the plaintiff's claim is clear and certain; (2) the duty is 'ministerial and so plainly prescribed as to be free from doubt'; and (3) no other adequate remedy is available." *Or. Nat. Res. Council v. Harrell*, 52 F.3d 1499, 1508 (9th Cir. 1995) (internal quotation marks omitted) (quoting *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986)).

The Ninth Circuit has recognized that the relief sought under the Mandamus Act and under Section 706(1) of the APA is "essentially the same." *Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997). Thus, "when a complaint seeks relief under the Mandamus Act and the APA and there is an adequate remedy under the APA, [a court] may elect to analyze the APA claim only." *Vaz*, 33 F.4th at 1135. Because an adequate remedy exists under the APA, the Court will analyze Plaintiffs' claim of delay under the APA only. *See id.* If Plaintiffs' APA claim fails, their claim under the Mandamus Act fails as well. *See Vaz*, 33 F.4th at 1138-39.

### B.    Unreasonable Delay

Defendants argue that Plaintiffs cannot establish an APA claim because the delay in adjudicating Plaintiff Jammu's asylum application is not unreasonable.[3] Defs. Mot. at 11-12. "[T]he APA and related case law provide 'law to apply' in determining whether defendants have failed to act within a reasonable time." *Khan v. Johnson*, 65 F. Supp. 3d 918, 926 (C.D. Cal. 2014). "[F]ederal courts routinely assess the 'reasonableness' of the pace of agency action under the APA." *Id.* (citation omitted).

Under the APA, a reviewing court must "compel agency action ... unreasonably delayed[.]" 5 U.S.C. § 706(1). However, "[a] court can compel agency action under this section only if there is a specific, unequivocal command placed on the agency to take a discrete agency action, and the agency has failed to take that action." *Vietnam Veterans of Am. v. Cent. Intel. Agency*, 811 F.3d 1068, 1075 (9th Cir. 2016) (internal quotation marks and citation omitted). "The agency action must be pursuant to a legal obligation

---

[3] The Court does not reach whether Defendants owe Plaintiffs a non-discretionary duty, as resolution of the issue of unreasonable delay resolves the motion.

'so clearly set forth that it could traditionally have been enforced through a writ of mandamus.'" *Id.* at 1075-76 (citation omitted).

In determining whether an agency action was unreasonably delayed, courts consider the six "TRAC" factors:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*In re Nat. Res. Def. Council, Inc.*, 956 F.3d 1134, 1138-39 (9th Cir. 2020) (quoting *Telecomms. Research and Action Ctr. ("TRAC") v. FCC*, 750 F.2d 70, 79-80 (D.C. Cir. 1984)).

In this case, the following facts are undisputed and supported by Defendants' Statement of Undisputed Material Facts ("SUF"). (ECF No. 13-1.) On or about June 23, 2022, Plaintiff Jammu submitted an asylum application with the San Francisco Asylum Office. (SUF 47.) In accordance with the INS' last-in-first-out ("LIFO") interview scheduling system, Plaintiff Jammu's turn to be scheduled for an interview has not occurred. (SUF 48.) Plaintiffs filed their Complaint on July 29, 2024, alleging Plaintiff Jammu's asylum application has been pending for two years, alleging unreasonable delay. *See* Compl.

The Ninth Circuit has determined the most important factor is the first factor, the "rule of reason." *See In re Nat. Res. Def. Council, Inc.*, 956 F.3d 1134, 1139 (9th Cir. 2020). Despite the first factor's significance, it is not itself dispositive; all factors must be weighed. *In re A Cmty. Voice*, 878 F.3d 779, 786 (9th Cir. 2017). Courts examine the length of delay and reason for the delay to determine "whether there is any rhyme or

reason for the Government's delay—in other words, whether the agency's response time … is governed by an identifiable rationale." *Jamalina v. Rubio*, 2025 WL 744861, at *5 (E.D. Cal. Mar. 7, 2025) (quoting *Poursohi v. Blinken*, 2021 WL 5331446, at *4 (N.D. Cal. Nov. 16, 2021)). Where Congress has not supplied a period for agency action, courts look to case law in assessing whether the agency's action is unreasonably delayed. *Id.* (citing *Sarlak v. Pompeo*, 2020 WL 3082018, at *6 (D.D.C. June 10, 2020) ("Absent a congressionally supplied yardstick, courts typically turn to case law as a guide.")). USCIS follows what is called the last-in-first-out scheduling system for handling asylum applications. Courts have widely found that the last-in-first-out system is a rule of reason. *See Teymouri v. USCIS,* 2022 WL 18717560, at *4 (C.D. Cal. Jan. 31, 2022) (collecting cases); *see also Varol v. Radel*, 420 F. Supp. 3d 1089, 1097 (S.D. Cal. Oct. 22, 2019).

Here, Plaintiff Jammu's asylum application has been pending since June 2022. This represents a delay of over 30 months, or over two years, as of the filing of Defendants' motion. However, courts have held that even longer delays are insufficient to find the first *TRAC* factor weighs in favor of finding unreasonable delay. *See Varzaghani v. Mayorkas*, 2024 WL 2952141, at *4 (C.D. Cal. June 5, 2024) (finding a two-year delay to be reasonable); *see also Singh v. Bardini*, 2023 WL 4669864, at *2 (E.D. Cal. July 20, 2023) (finding four-year delay to be reasonable); *Teymouri,* 2022 WL 18717560, at *4 (finding a five-year delay to be reasonable). Accordingly, the delay in the adjudication of Plaintiff Jammu's asylum application is reasonable. The Court finds the first *TRAC* factor favors Defendants.

For the second *TRAC* factor, courts consider whether "Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute[.]" *In re Nat. Res. Def. Council, Inc.*, 956 F.3d at 1138. Courts acknowledge that Congress has established requirements for adjudicating asylum actions under 8 U.S.C. § 1158(d)(5)(A), but that USCIS retains limited discretion and that this does not afford a plaintiff a private right of action to enforce the timing requirements

under 8 U.S.C. § 1158(d)(5)(A). *See Varol*, 420 F. Supp. 3d at 1095 (collecting cases). Moreover, Congress has further indicated that USCIS maintains limited discretion "as to the timing of adjudication of asylum applications under exceptional circumstances." *Denisov v. Mayorkas*, 2024 WL 3522047, at *6 (N.D. Cal. July 23, 2024) (quotation marks and citation omitted). The Court finds the second *TRAC* factor is neutral. *See Dawod v. Garland*, 2023 WL 8605320, at *10 (C.D. Cal. Aug. 10, 2023) (finding the second *TRAC* factor is neutral "because the INA lacks a private right of action to enforce the timelines set forth therein and also gives the USCIS some discretion, courts have concluded that this factor is neutral, or at best, slightly weighs in an asylum applicant's favor.").

The third and fifth *TRAC* factor contemplate "whether human health and welfare are at stake and the nature and extent of the interests prejudiced by delay." *Singh*, 2023 WL 4669864, at *3. The Complaint asserts Plaintiffs face uncertainty while Plaintiff Jammu's asylum application remains pending and that Plaintiffs have been unable to plan for their future, including further education, while their immigration status remains uncertain. Compl. ¶¶ 26, 28. Defendants argue that Plaintiff Jammu has remained physically present in the United States with his family and has been permitted to remain and work without fear of being removed while his asylum application is pending. Defs. Mot. at 18-19. Plaintiffs' allegations do not rise to the level of creating concern that human health and welfare are at stake in the delay. Therefore, the Court finds the third and fifth *TRAC* factors weigh in favor of Defendants.

Under the fourth *TRAC* factor, the Court considers the effect of expediting the adjudication of Plaintiffs' applications on other agency action of higher or competing priority. *Jamalina*, 2025 WL 744861, at *6 (citation omitted). Here, the agency's competing priorities are that there are other asylum applications that are also waiting to be adjudicated, including pending applications that were filed before Plaintiff Jammu's application. *See* Defs. Mot. at 16-17. Effectively, Plaintiffs request relief in the form of prioritizing their asylum application over other applicants also awaiting final decisions.

"When expediting an agency's progress on one individual's application would necessarily negatively impact another application, courts have held that plaintiffs' appropriate recourse is with Congress, not the courts." *Varzaghani*, 2024 WL 2952141, at *4; *see also Jain v. Renaud*, 2021 WL 2458356, at *6 (N.D. Cal. June 16, 2021) ("Most courts have found that the fourth *TRAC* factor weighs heavily in the agency's favor when a judicial order putting plaintiffs at the head of the line would simply move all others back one space and produce no net gain."). The Court finds the fourth factor weighs in favor of Defendants.

Under the sixth *TRAC* factor, where a plaintiff has not made cognizable allegations of impropriety, "courts in the Ninth Circuit have found this factor to either weigh in the government's favor or to be neutral." *Jamalina*, 2025 WL 744861, at *6 (quoting *Poursohi*, 2021 WL 5331446, at *11). While Plaintiffs assert that Defendants have failed to act in processing Plaintiff Jammu's application (Compl. ¶ 30), the allegedly unreasonable delay is not tantamount to impropriety. "[A]lthough the presence of intentional delay would strongly support plaintiff's argument, the opposite is not necessarily true for defendants." *Denisov*, 2024 WL 3522047, at *7 (quotation marks and citation omitted). Absent specific allegations of impropriety, the Court finds that the sixth factor is neutral.

Having considered the *TRAC* factors, four factors weigh in favor of Defendants and two are neutral. The first and fourth *TRAC* factors, which are afforded significant weight, weigh in favor of Defendants. *See Poursohi*, 2021 WL 5331446, at *11. Weighing the *TRAC* factors overall, Defendants' delay in adjudicating Plaintiff Jammu's asylum application is not unreasonable. Therefore, Defendants are entitled to summary judgment on Plaintiff's APA claim for unreasonable delay.

**IV.   CONCLUSION**

In conclusion, IT IS HEREBY ORDERED THAT:

1. Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment (ECF No. 13) is GRANTED;

    2. Judgment shall be entered for Defendants; and

    3. The Clerk of Court shall close this case.

Dated: July 7, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, jamm2063.24